# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SUNNY HANDICRAFT LTD., AND BIN TEH HANDICRAFT (SHENZEN) CO., LTD., | )<br>)<br>) |
| Plaintiff(s), | )<br>) |
| v. | ) 14-cv-1512<br>)<br>) Hon. John Z. Lee |
| ENVISION THIS!, LLC, AND WALGREEN CO., | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This case arises from a deteriorating supply chain relationship between defendant, a middleman for retailers importing goods to the United States, and two plaintiff corporations that coordinate the manufacture and export of Christmas and other holiday decorations to the United States. Plaintiffs Sunny Handicraft, Ltd. ("Sunny Handicraft") and Bin Teh Co., Ltd. ("Bin Teh") have filed a two-count amended complaint against Defendants Envision This!, LLC ("Envision") and Walgreen, Co. ("Walgreens"), alleging a breach of contract claim against Envision and an unjust enrichment claim against Walgreens. In response, Defendant Envision has filed a six-count counterclaim, alleging two breach of contract claims, two unjust enrichment claims, a tortious interference with economic advantage claim, and a breach of implied covenant of merchantability claim against Plaintiffs.

Walgreens moves to dismiss Plaintiffs' unjust enrichment claim under Count II of Plaintiffs' Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6). Walgreens argues that Plaintiffs have not alleged any facts to demonstrate

that they expected payment from Walgreens. Plaintiffs counter that they have sufficiently pleaded that Walgreens was aware of Plaintiffs' involvement in the shipment of goods and that it knew of their expectation to be paid for the goods that they shipped to Walgreens. Plaintiffs also move to dismiss the entirety of Envision's Amended Counterclaims for failure to state a claim under Rule 12(b)(6).

For the reasons stated herein, the Court grants Walgreens' Rule 12(b)(6) motion to dismiss Count II of Plaintiffs' Amended Complaint. The Court grants in part and denies in part Plaintiffs' Rule 12(b)(6) motion to dismiss Envision's Amended Counterclaims. The Court grants Plaintiffs' motion to dismiss Count III and V, and denies Plaintiffs' motion to dismiss Counts I, II, IV, and VI.

## I. Factual Background[1]

### A. Plaintiffs' Two-Count Amended Complaint

Plaintiff Sunny Handicraft, a Hong Kong corporation, processes purchase orders for Christmas and other holiday decorations. Am. Compl. ¶ 2. Plaintiff Bin Teh, a China corporation, manufactures Christmas and other holiday decorations for Plaintiff Sunny Handicraft. *Id.* ¶ 3. Defendant Envision, a Florida limited liability company, imports and resells these goods to retailers in the United States. *Id.* ¶ 4.

Plaintiffs allege that Defendant Walgreens entered into five agreements with Envision to purchase Christmas decorations in 2013. *Id.* ¶ 8. They assert that on or about the same dates that Envision entered into agreements with Walgreens, Envision entered into agreements with the Plaintiffs to purchase Christmas decorations manufactured by Bin Teh for resale to Walgreens.

---

[1] When reviewing Defendant's motion to dismiss, the Court assumes the alleged facts in the Amended Complaint are true and draws all possible inferences in Plaintiffs' favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Likewise, when reviewing Plaintiffs' motion to dismiss Defendant's Counterclaims, the Court assumes the allegations in the Counterclaims to be true. *Costello v. BeavEx Inc.*, No. 12 C 7843, 2013 WL 2156052, at *1 (N.D. Ill. May 17, 2013).

*Id.* ¶ 9. Under this agreement, Envision agreed to purchase goods worth $3,496,267.66 and pay Plaintiffs once the goods were delivered to Walgreens or placed in Walgreens' care in the United States. *Id.*

Plaintiffs assert that they shipped the manufactured goods to the United States and Walgreens received all of the goods pursuant to Plaintiffs' agreement with Envision. *Id.* ¶ 10. Plaintiffs claim, however, that Envision breached its contract with the Plaintiffs because it failed to pay for the purchased goods. *Id.* ¶¶ 12, 13. Plaintiffs state that they have performed all of the conditions of the agreement and that Envision's failure to pay them resulted in damages worth $3,496,267.66. *Id.* ¶¶ 14, 15.

Because Envision has failed to pay for the shipped goods, Plaintiffs assert that Walgreens has been unjustly enriched by the transaction. *Id.* ¶¶ 16, 19. Specifically, they allege that Walgreens has "received the benefit of the goods shipped to it by Plaintiffs" and that "[a]t all times, Walgreens was aware of Plaintiffs' involvement in the manufacture and delivery of the goods and knew of Plaintiffs' reasonable expectation that they would be paid for the goods that were shipped to Walgreens for sale in Walgreens pharmacies." *Id.* ¶¶ 16, 17. Plaintiffs argue that it is unfair and unjust to allow Walgreens to benefit at Plaintiffs' expense. *Id.* ¶ 19.

For its part, Defendant Walgreens has moved to dismiss Plaintiffs' unjust enrichment claim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Def. Walgreens' Mem. Supp. Mot. Dismiss 1. Specifically, Walgreens argues that Plaintiffs cannot assert an unjust enrichment claim because they had a contract with Envision regarding the shipped goods and they have not alleged any expectation of payment from Walgreens. Def. Walgreens' Mem. Supp. Mot. Dismiss 3.

B.   **Defendant Envision's Counterclaims**

On July 22, 2014, Defendant Envision filed a six-count amended counterclaim against the Plaintiffs. In Count I, Envision claims that the Plaintiffs breached their contract with Envision regarding shipments to Walgreens. Envision explains that in or about 2007, Envision and Sunny Handicraft entered into an oral agreement. Am. Countercls. ¶ 8. Under the agreement, Envision agreed to pay Sunny Handicraft for seasonal merchandise that Envision would then resell to Walgreens. *Id.* When Walgreens ordered goods, Envision would send purchase orders to Sunny Handicraft; Sunny Handicraft would then ship the goods directly to Walgreens. *Id.* ¶ 9. Pursuant to their oral contract, the parties agreed to settle their accounts at the end of year by deducting certain agreed-upon expenses, including advertising and packaging design costs, bank fees for letters of credit, and cost of goods sold. *Id.* ¶¶ 10, 11.

The parties adhered to their agreement from 2007 to 2012. *Id.* ¶ 11. However, Envision alleges that in 2013 Sunny Handicraft breached the parties' agreement by failing to reimburse Envision for various advertising costs; ship 2013 Christmas decorations to Walgreens on time without a justifiable excuse; reimburse Envision for bank fees on letters of credit; provide originating documents to freight forwarder; and include costs of goods on an invoice. *Id.* ¶¶ 13–23, 26–31. For its part, Envision states that it complied with the parties' agreement by paying for expenses that were to be reimbursed by Sunny Handicraft. *Id.* ¶ 32. Based on these breaches, Envision alleges damages worth in excess of $634,659.78. *Id.* ¶ 33.

In Count II, Envision relies on the same facts as in Count I, but asserts an unjust enrichment claim in the alternative to its breach of contract claim. Envision alleges that Sunny Handicraft has been unjustly enriched because it received the benefit of Envision's payment of the costs arising from Plaintiffs' breaches. *Id.* ¶ 57. Moreover, Envision asserts that "[i]t would

4

be unfair and unjust for Sunny Handicraft to retain the benefits provided by Envision without compensating Envision." *Id.* ¶ 58.

In Count III, Envision brings a breach of contract claim regarding its non-Walgreens agreements with the Plaintiffs. Envision asserts that in or about 2002, the parties entered into an oral agreement under which Envision agreed to pay Sunny Handicraft for seasonal merchandise that Envision would then resell to United States retailers. *Id.* ¶ 60. Envision alleges that the parties agreed to reconcile any shipping expenses owed to the other at the end of each year by making "appropriate and agreed upon deductions." *Id.* ¶ 62.

As part of this Count, Envision asserts that, from 2006 to 2013, it provided resource management and product development services to Sunny Handicraft due to Sunny Handicraft's inexperience and inability to provide such services on its own. *Id.* ¶¶ 63–65, 68. Envision asserts that it has not been paid for this service support, which had a fair value of $100,000.00 per year. *Id.* ¶ 68. Envision also explains that Sunny Handicraft failed to pay for artwork that Envision provided to Sunny Handicraft for packaging. *Id.* ¶ 70, 73. Moreover, Envision alleges that Plaintiffs did not reimburse Envision for costs and expenses worth $479,725.53 on prior 2013 orders. *Id.* ¶ 75. For its part, Envision states that it has met all of the conditions of the parties' agreement because it performed the agreed services and paid for agreed-upon reimbursable expenses. *Id.* ¶ 76. Envision alleges an estimated $1,529,725.53 in damages arising from Plaintiffs' breaches of the non-Walgreens agreements.

In Count IV, Envision repeats facts similar to those under Count III, but brings an unjust enrichment claim in the alternative to its breach of contract claim regarding the parties' non-Walgreens transactions. Specifically, Envision alleges that Sunny Handicraft benefited from Envision's service support, merchandise artwork, and other costs and expenses incurred by

5

Envision on behalf of Sunny Handicraft. *Id.* ¶¶ 83, 87, 89, 94–97. As a result, Envision asserts that to permit Sunny Handicraft to retain the benefits without appropriate compensation would be unfair and unjust. *Id.* ¶ 99.

In Count V, Envision asserts that Sunny Handicraft tortiously interfered with Envision's relationship with Walgreens. Specifically, Envision alleges that Sunny Handicraft's improper conduct in 2013 caused Walgreens to terminate its relationship with Envision. *Id.* ¶ 116. The alleged improper conduct includes Sunny Handicraft's changing of Envision's freight forwarding system password without notifying Envision, Plaintiffs' request for payment from Walgreens for the shipped merchandise, and Plaintiffs' unnecessary delays in shipment. *Id.* ¶ 118. Envision asserts that this conduct was intentional and that it was "designed to induce Walgreens not to continue [its] relationship with Envision." *Id.* Envision alleges that its terminated relationship with Walgreens results in a loss of an estimated $28 million in future profits. *Id.* ¶ 119.

Lastly, in Count VI, Envision contends that Sunny Handicraft breached an implied covenant of merchantability by shipping goods that did not meet the specifications or standards agreed upon by the parties. *Id.* ¶ 124. It further asserts that Sunny Handicraft knew or should have known about the defective merchandise before shipment. *Id.* ¶ 129. Finally, Envision alleges that Sunny Handicraft's shipment of defective goods caused three retailers, The Home Depot, Martha Stewart Living, and Family Dollar Store, to terminate their relationships with Envision, resulting in an estimated $28 million loss in future profits. *Id.* ¶ 130.

On August 19, 2014, Plaintiffs Sunny Handicraft and Bin Teh filed a motion to dismiss Envision's Amended Counterclaims for failure to state a claim under Rule 12(b)(6).

## II. Legal Standard

When reviewing motions to dismiss under Rule 12(b)(6), the court "'tak[es] all well pleaded allegations of the complaint as true and view[s] them in the light most favorable to the plaintiff.'" *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010) (citation omitted). Mere legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief 'that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The same standards apply when considering a plaintiffs' motion to dismiss counterclaims. *See Cozzi Iron & Metal, Inc. v. U.S. Office Equipment, Inc.*, 250 F.3d 570, 574 (7th Cir.2001).

## III. Discussion and Analysis

### A. Plaintiffs' Unjust Enrichment Claim Against Walgreens Fails

Walgreens argues that Plaintiffs' unjust enrichment claim should be dismissed because Plaintiffs have failed to allege any facts to demonstrate that it expected payment from Walgreens. Moreover, it argues that Plaintiffs' contract with Envision precludes an unjust enrichment claim against Walgreens because it demonstrates that Plaintiffs expected payment from Envision, not Walgreens. Walgreens' Reply 2.

Unjust enrichment "is a 'quasi-contract' theory that permits courts to imply the existence of a contract where none exists in order to prevent unjust results." *Prudential Ins. Co. of Am. v. Clark Consulting, Inc.*, 548 F. Supp 2d 619, 622 (N.D. Ill. 2008). Under Illinois law, to state a claim for unjust enrichment "a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that the defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *HPI Health Care Servs., Inc. v.*

*Mt. Vernon Hosp., Inc.,* 545 N.E.2d 672, 679 (Ill. 1989). Generally, Illinois courts do not impose a quasi-contract upon a third party that has received a benefit stemming from the plaintiff's agreement with another party. *Midcoast Aviation Inc. v. General Elec. Credit Corp.*, 907 F.2d 732, 739 (7th Cir. 1990) (examining a quantum meruit claim); *Goldstick v. ICM Realty*, 788 F.2d 456, 467 (7th Cir. 1986) ("[I]f you do work pursuant to a contract with X, you don't expect that Y, a non-party, will pay you if X defaults, merely because Y benefited from your work . . . ."). In some instances, however, quasi-contractual liability may be imposed upon a benefiting third party where the plaintiff alleges facts that indicate that the plaintiff had a reasonable expectation of payment from the third party. *Lane, Noland, Smith & Co. v. First Nat'l Realty and Dev. Inc.*, No. 91 C 0185, 1991 WL 204948, at *4 (N.D. Ill. Oct. 2, 1991); *see also Midcoast*, 907 F.2d at 739 (recognizing an exception to the general rule against benefiting third party liability where the third party enticed the plaintiff to enter into a contract by assuring payment).[2]

Plaintiffs have failed to establish an unjust enrichment claim. In their Amended Complaint, Plaintiffs allege that they entered into a contract with Envision for goods to be shipped to Walgreens. Accordingly, to escape Illinois' general rule prohibiting third party quasi-contractual liability, Plaintiffs must allege factual circumstances that give rise to Plaintiffs' reasonable expectation of payment from Walgreens.[3] Plaintiffs, however, fail to do so. Plaintiffs merely allege that Walgreens was aware that Plaintiffs expected payment for the

---

[2] Plaintiffs argue that *Midcoast Aviation* is inapplicable here because it is based on the Seventh Circuit's review of the district court's opinion on directed verdict and j.n.o.v. motions. *Midcoast*, however, contains a thorough explication of Illinois law on quasi-contractual liability, the force of which the procedural posture does not alter or diminish. The Court finds reliance on *Midcoast* and the Illinois cases cited therein proper and Plaintiffs' argument without merit.

[3] Plaintiffs correctly assert that Illinois courts generally will bar an unjust enrichment claim where there is an expressed agreement between the parties; however, this prohibition does not extend to unjust enrichment claims against a third party that was not party to the agreement. *RehabCare Grp. E., Inc. v. SAK Mgmt. Servs., LLC*, No. 09 C 4523, 2010 WL 3307084, at *3 (N.D. Ill. Aug. 18, 2010).

goods.[4] Plaintiffs do not allege any conduct by Walgreens that could give rise to Plaintiffs' reasonable expectation of payment from Walgreens. Therefore, the Court grants Walgreens' motion to dismiss Count II and dismisses Count II without prejudice.

### B. Plaintiffs' Motion to Dismiss Envision's Amended Counterclaims

#### 1. Breach of Contract Claims: Count I Survives; Count III Fails

To state a claim for breach of contract under Illinois law, a plaintiff must allege: "'(1) offer and acceptance, (2) consideration, (3) definite and certain terms, (4) performance by the plaintiff of all required conditions, (5) breach, and (6) damages.'" *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 560 (7th Cir. 2012) (quoting *Ass'n of Benefit Servs., Inc., v. Caremark RX, Inc.*, 493 F.3d 841, 849 (7th Cir. 2007) (citation omitted)).

With regard to both Count I and Count III, Plaintiffs argue that Envision has failed to allege the breach of contract elements of offer, acceptance, consideration, definite and certain terms, and its performance of all the required conditions under the alleged agreements. The Court finds that Envision has adequately pleaded a breach contract claim under Count I, but has failed to sufficiently plead a breach of contract claim under Count III.

In Count I, Envision alleges that it entered into an oral agreement with Sunny Handicraft "whereby Envision would pay Sunny Handicraft for seasonal merchandise supplied by Sunny Handicraft to Envision for resale/sale to Walgreens." Am. Countercl. ¶ 8. Envision further alleges that the parties complied with this agreement from 2007 to 2012. *Id.* ¶ 11. These allegations demonstrate an offer and acceptance between the two parties. Moreover, the oral agreement illustrates sufficient consideration because it demonstrates that Envision promised to

---

[4] The Court does not consider Plaintiffs' new allegations set forth in their Memorandum in Opposition because it is limited to reviewing the facts pleaded in the Amended Complaint. *Greenberg v. Boettcher & Co.*, 755 F. Supp. 776, 778 (N.D. Ill. 1991) ("Only the well-pleaded allegations in the amended complaint will be accepted as true in deciding [a motion to dismiss].").

9

pay Sunny Handicraft in exchange for Sunny Handicraft's promise to manufacture and ship goods to Walgreens. *Wigod*, 673 F.3d 563–64 ("[C]onsideration consists of some detriment to the offeror, some benefit to the offeree, or some bargained-for exchange between them.") (quotations and citation omitted). Therefore, the Court examines whether Envision sufficiently alleged the terms of its agreement under Count I.

A party sufficiently alleges the terms of a contract when a court can ascertain "what each party has agreed to do." *Wigod,* 573 F.3d at 564. In its Amended Counterclaim, Envision alleges that under the parties' agreement, it would provide purchase orders to Sunny Handicraft and that Sunny Handicraft would then ship the purchased goods directly to Walgreens. Moreover, Envision asserts that the parties agreed to a year-end settlement of the parties' accounts based on the year's purchase orders and agreed-upon expenses. Envision explains that these agreed-upon expenses included "cooperative costs for advertising, packaging design costs, bank fees for letters of credit, costs of goods sold, and other costs that would rise from time to time." Am. Countercl. ¶ 10. Based on these allegations, Envision has adequately pleaded the terms of the parties' agreement.

Nevertheless, Plaintiffs argue that Envision cannot state a breach of contract claim because Envision has failed to perform under the agreement by refusing to pay for its purchased goods. The Court agrees that Envision has not asserted that it fully complied with the agreement under Count I. Contrary to Plaintiffs' argument, however, Illinois law permits a party that has not fully performed under an agreement to pursue a breach of contract claim when it alleges that the other party committed a material breach. *Enter. Warehousing Solutions, Inc. v. Capital One Servs., Inc.*, No. 01 C 7725, 2002 WL 406976, at *3 (N.D. Ill. Mar. 15, 2002) (citing *Sahadi v. Cont'l Ill. Nat'l Bank and Trust Co. of Chi.*, 706 F.2d 193, 196–97 (7th Cir. 1983)). In its

Amended Counterclaim, Envision alleges that it complied with the parties' contract by paying for expenses that Sunny Handicraft had agreed, but failed, to reimburse. Envision further alleges that Sunny Handicraft refused to participate in the parties' agreement to settle their accounts at the end of the year. This allegation could constitute a material breach of the parties' agreement. Therefore, Envision has sufficiently pleaded its performance under the contract at this stage of the litigation. *See Enter. Warehousing Solutions*, 2002 WL 406976, at *3 ("The determination of what constitutes a material breach is a question of fact . . . which should be left for trial."). Accordingly, the Court denies Plaintiffs' motion to dismiss Count I.

Turning to Count III, Envision alleges an oral agreement between the two parties with regard to transactions concerning other United States retailers. Specifically, Envision alleges that in 2002 the parties entered into an oral agreement "whereby Envision would pay Sunny Handicraft for seasonal merchandise supplied by Sunny Handicraft for resale to United States retailers." Am. Countercls. ¶ 60. Under this agreement, Envision alleges that the party listed as vendor on a shipment would receive payment. It also alleges that the parties would conduct a year-end reconciliation of their accounts pursuant to agreed-upon deductions. Moreover, Envision alleges that it provided resource management and product development services, including product artwork, to Sunny Handicraft pursuant to the parties' contract.

Similar to Count I, Envision's allegations in Count III sufficiently demonstrate an offer, acceptance, and consideration. Nevertheless, the Court agrees with Plaintiffs that Envision fails to adequately plead a breach of contract claim because it does not sufficiently plead the terms of the contract. In Count I, Envision specifically pleaded the agreed-upon deductions for the parties' year-end reconciliation, but in Count III, Envision fails to provide the specific terms of the parties' year-end reconciliation. It merely states that the parties would make agreed-upon

deductions to settle their accounts at the end of the year. Although the agreements in Count I and Count III are similar, the Court cannot assume that alleged agreements in Count I and Count III share the same material terms.

Furthermore, Envision has failed to sufficiently allege any terms regarding its provision of resource management and product development services to Sunny Handicraft. Envision does not provide any facts relating to whether Sunny Handicraft agreed to pay for the services or that it offered something else in return for the services.[5] Consequently, the Court cannot ascertain whether the parties even reached an agreement regarding these services. Therefore, the Court grants Plaintiffs' motion to dismiss Count III of Envision's Counterclaims and dismisses Count III without prejudice.

### 2. Unjust Enrichment Counterclaims Against Sunny Handicraft and Bin Teh Survive

Alternatively, Envision pleads unjust enrichment counterclaims. To do so, Envision must allege that the Plaintiffs unjustly retained a benefit to Envision's detriment, and that the Plaintiffs' "retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *HPI Health Care Servs.,* 544 N.E.2d at 679. Plaintiffs argue that Envision cannot state an unjust enrichment claim under either Count II or Count IV because it has alleged that the parties' relationship was governed by a contract.

Generally, a party cannot assert an unjust enrichment claim against another party where an express contract governs the parties' relationship. *Prudential Ins. Co. of Am.,* 548 F. Supp. 2d at 622. Contrary to Plaintiffs' argument, however, Illinois law permits a party to plead an unjust

---

[5] In its response to Plaintiffs' motion to dismiss, Envision argues that it alleged that it had agreed to provide the services to Sunny Handicraft in exchange for a reduction in the purchase price of the merchandise. Envision's Resp. to Plaintiffs' Mot. to Dismiss 3. Envision, however, does not state this allegation in its Amended Counterclaim. Therefore, the Court does not consider this allegation in reviewing the sufficiency of Envision's claim under Count III.

enrichment claim in the alternative to its breach of contract claim so long as the party demonstrates that the claim is brought in the alternative and does not refer to a contract between the parties. *See id.* at 622–23 (citing Illinois cases that indicate that a plaintiff improperly pleads an unjust enrichment claim in the alternative where the plaintiff includes an allegation of the contract under the claim or incorporates paragraphs from other counts that "assert the existence of a contract").

In Count II, Envision explicitly states in the Count's title that its unjust enrichment counterclaim is in the alternative to its breach of contract counterclaim in Count I. Moreover, although Count II contains allegations that Sunny Handicraft agreed to pay for an artwork expense and failed to provide agreed-upon shipping documents, Envision does not allege anywhere within Count II that the parties were bound by an express contract. *Cf. Team Impressions, Inc. v. Chromas Techs. Canada, Inc.*, No. 02 C 5325, 2003 WL 355647, at *4 (N.D. Ill. Feb. 18, 2003) (holding that the plaintiff failed to state a claim for unjust enrichment because it included an allegation that the defendant "failed 'to provide the contracted for press system.'"); *People ex rel. Hartigan v. E&E Hauling, Inc.*, 607 N.E.2d 165, 177 (Ill. 1992) (holding that the plaintiff failed to plead an unjust enrichment claim because it asserted an express contract between the parties); Envision's Countercls. ¶¶ 41, 50. Therefore, Envision has properly pleaded its unjust enrichment claim under Count II in the alternative to its breach of contract claim under Count I.

Nevertheless, Plaintiffs argue that Envision's unjust enrichment claim fails because Envision cannot allege that it suffered a detriment or Plaintiffs received a benefit because Envision has failed to pay for the purchased goods. The Court disagrees. Plaintiffs have not cited to any authority to support their argument and the Court's own research has not uncovered

13

a case on point. Moreover, Envision provides sufficient factual support to suggest that Plaintiffs received a benefit to Envision's detriment. In Count II, Envision alleges that Sunny Handicraft was unjustly enriched by Envision's payment for certain costs and services, including expenses for artwork, expedited shipments, bank fees on letters of credit, and costs of goods, that were supposed to be paid or reimbursed by Sunny Handicraft. Envision's allegations sufficiently demonstrate that the Plaintiffs received a benefit, i.e., not having to pay for certain expenses, and that Envision suffered a detriment, i.e., having to pay for expenses without reimbursement. Furthermore, although Envision has not paid Plaintiffs for the shipped goods, Envision has adequately pleaded that Sunny Handicraft's retention of the benefit is unjust because it alleges that Plaintiffs failed to reimburse Envision for certain agreed-upon expenses and refused to participate in the parties' annual settling of accounts. *See Allant Group, Inc. v. Ascendes Corp.*, 231 F. Supp. 2d 772, 776 (N.D. Ill. 2002) (counter-plaintiff sufficiently pleaded an unjust benefit where it alleged that it was not obligated to make an advanced payment to the counter-defendant and counter-defendant had agreed to repay the advanced payment to the counter-plaintiff). Therefore, the Court denies Plaintiffs' motion to dismiss Count II.

Similar to Count II, in Count IV's title, Envision explicitly states that its unjust enrichment claim is in the alternative to its breach of contract claim under Count III. Moreover, like Count II, Envision does not allege any express contract under Count IV that would preclude its unjust enrichment claim. Plaintiffs argue, however, that Count IV also should be dismissed because Envision fails to establish that it suffered any detriment or that Sunny Handicraft's retention of the alleged benefits is unjust. The Court, again, disagrees.

In Count IV, Envision alleges that it did not receive any payment from Sunny Handicraft for database management services and artwork that Envision provided to Sunny Handicraft and

14

that the services were not free of charge. Furthermore, it alleges that Sunny Handicraft did not reimburse Envision for $479,725.53 worth of costs and expenses relating to prior 2013 orders that were incurred by Envision on behalf of Sunny Handicraft. Envision therefore has sufficiently pleaded that Plaintiffs' benefited to Envision's detriment.

Plaintiffs argue, however, that the alleged benefits were mere business investments and that their retention of these benefits cannot be considered unjust. Plaintiffs cite a case decided on summary judgment, *Shuffle Tech Intern, LLC v. Wolff Gaming Inc.*, to support their argument. 950 F. Supp. 2d 977 (N.D. Ill. 2013). In *Shuffle Tech*, the court held that the counter-plaintiff failed to prove that the counter-defendant unjustly retained benefits because the alleged benefits were merely mutually beneficial investments made toward the parties' project. *Id.* at 983–84.[6] The alleged benefits included payments made by the counter-plaintiff toward the development of a project, uncompensated time that counter-plaintiff put toward the project, and suggestions for the project. *Id.* at 983.

The present case is distinguishable from *Shuffle Tech*. Here, the Court is reviewing a Rule 12(b)(6) motion where the Court must accept all plausible allegations as true. Envision has alleged that Sunny Handicraft knew that Envision's services were not free of charge and Sunny Handicraft failed to compensate Envision for its services or reimburse it for other expenses. These allegations create a reasonable inference that Envision did not intend its payments to be business investments. Therefore, the Court holds that Envision has adequately pleaded an unjust enrichment claim under Count IV and denies Plaintiffs' motion to dismiss Count IV.

### 3. Envision's Tortious Interference with Economic Advantage Counterclaim Fails

---

[6] The court also noted that the counter-defendant had offered to pay for the earnest money. *Shuffle Tech Intern., LLC*, 950 F. Supp. 2d at 983–84.

Plaintiffs move to dismiss Envision's tortious interference with economic advantage claim under Count V. To state a claim for tortious interference with economic advantage under Illinois law, a party must allege: "(1) [its] reasonable expectancy of entering into a valid business relationship; (2) [the other party's] knowledge of the expectancy; (3) [the other party's] intentional and unjustifiable interference that induced or caused a breach or termination of the expectancy; and (4) damage to the [complaining party] resulting from [other party's] conduct." *F:A J Kikson v. Underwriters Lab., Inc.*, 492 F.3d 794, 800 (7th Cir. 2007). To establish the third element, a party must allege that the alleged tortfeasor directed wrongful conduct at a third party business prospect to induce the third party to end its relationship with the complaining party. *Young v. Conn. Mut. Life Ins. Co.,* No. 90 C 254, 1990 WL 125496, at *4 (N.D. Ill. Aug. 17, 1990), *aff'd*, 929 F.2d 703 (7th Cir. 1991); *F:A J Kikson*, 492 F.3d at 800–01. Furthermore, the party "must allege . . . facts which demonstrate that the defendant's acted with the purpose of injuring the [party's] expectancies." *F:A J Kikson,* 492 F.3d at 800 (quoting *Panter v. Marshall Fields & Co.*, 646 F.2d 271, 298 (7th Cir. 1981)).

Plaintiffs argue that Envision has failed to sufficiently plead the third element of a tortious interference with economic advantage claim. Specifically, Plaintiffs argue that Envision has failed to allege that Plaintiffs directed conduct toward Walgreens "with the intent to influence Walgreens to end its relationship with Envision." Pls.' Mot. Dismiss 9. In its Amended Counterclaims, Envision alleges that Sunny Handicraft took intentional actions designed to induce Walgreens to forgo a continued relationship with Envision by changing the password on Envision's freight forwarding system without notifying Envision of the new password; calling Walgreens directly to demand payment for the 2013 Christmas decorations;

and refusing to provide necessary documentation to freight forwarders, which resulted in delays in shipments of holiday decorations to Walgreens.

Envision's first allegation that Sunny Handicraft sought to induce Walgreens to forgo a continued relationship with Envision by changing the password does not demonstrate conduct specifically directed toward a third party, but rather demonstrates conduct directed toward Envision. For similar reasons, Envision's allegation regarding Plaintiffs' failure to procure necessary documentation to the ship forwarder also fails. Envision argues that it sufficiently stated a claim because it alleged intentional actions towards other third parties that induced Walgreens to forgo a continued relationship with Envision. But, a claim for tortious interference requires more than an allegation of conduct directed at any third party. The claim must involve wrongful conduct directed toward the alleged third party business prospect. *See Graves v. Man Grp. USA, Inc.*, 479 F. Supp. 2d 850, 855 (N.D. Ill. 2007). Here, Envision only alleges conduct directed toward the freight forwarder, which was not an alleged business prospect. Although it is likely that Walgreens was indirectly affected by Plaintiffs' actions, the indirect harm is not sufficient to establish a tortious interference with prospective economic advantage claim.[7]

In contrast, Plaintiffs' demand for payment from Walgreens constitutes an action directed toward a third party business prospect. That said, Plaintiffs' demand for payment must also constitute wrongful conduct sufficient to establish a claim for tortious interference with

---

[7] While not cited by either party, one case in this district determined that conduct directed toward a third party other than the business prospect could be sufficient to establish a claim for tortious interference with economic advantage. *See JamsSports & Ent., LLC v. Paradama Prods. Inc*, 360 F. Supp. 2d 905, 907–08 (N.D. Ill. 2005). In *JamSports*, the court relied on Restatement (Second) of Torts Section 767, which notes that the remote interference that arises from such situations may be improper where "it was the actor's primary purpose to interfere" with the complaining party's obligations. Restatement (Second) of Torts § 767 cmt. h (1979). The court determined that the plaintiff's allegations, which included an antitrust claim, sufficiently met the primary purpose standard. *JamSports*, 360 F. Supp. 2d at 907. The present case, however, is distinguishable because Envision has not alleged any facts to support an allegation that Plaintiffs' acted with the *primary purpose* of ending Walgreens' relationship with Envision.

17

economic advantage. In Illinois, a party must allege conduct that was improper "in the sense that it was accomplished by wrongful means, or was motivated by malice and not simply economic self-interest." *Republic Tobacco, L.P. v. N. Atl. Trading Co., Inc.*, 254 F. Supp. 2d 1007, 1011–12 (N.D. Ill. 2003). The Restatement (Second) of Torts, which Illinois follows, provides examples of wrongful conduct in section 767, comment (c) of the Restatement. *Id.* at 1012. These include: "physical violence, fraud, prosecution, civil or criminal suits, violation of business ethics and customs," and other unlawful conduct such as restraints on trade. *Id.* (citing Restatement (Second) of Torts § 767 cmt. c (1979)).[8] Envision has not alleged any such conduct in its Amended Counterclaim. Rather, Envision merely alleges that Plaintiffs' demanded direct payment from Walgreens for the goods it shipped to Walgreens even though Plaintiffs did not have a contract with Walgreens.

Moreover, Envision has failed to plead sufficient malice. To demonstrate malice in a tortious interference claim, a party "must establish that [the other party] acted with a desire to harm which was unrelated to the interest he was presumably seeking to protect by bringing about the contract breach." *Capital Options Invs., Inc. v. Goldberg Bros. Commodities, Inc.*, 958 F.2d 186, 189 (7th Cir. 1992) (quotations and citation omitted). Envision's mere conclusory statement that Plaintiffs' actions were designed to induce Walgreens to terminate its relationship with Envision is insufficient to establish a claim under *Twombly* and *Iqbal*. Furthermore, Envision fails to plead any facts to support an inference that Plaintiffs' contacted Walgreens with

---

[8] Restatement (Second) of Torts Section 767 also refers to economic pressure as a type of improper conduct. Restatement (Second) of Torts § 767 cmt. c (1979). But, Envision has not alleged the type of conduct mentioned in the comment.

the intent to injure Envision's relationship with Walgreens.[9] Therefore, the Court grants Plaintiffs' motion to dismiss Count V and dismisses Count V without prejudice.

### 4. The Breach of Implied Covenant (Warranty) of Merchantability Claim Survives

Plaintiffs also argue that Envision failed to state a claim for breach of implied warranty of merchantability because there is no allegation that Envision notified Sunny Handicraft about the alleged unmerchantable goods and failed to provide sufficient factual allegations regarding Sunny Handicraft's actual knowledge of the defects.

Generally, to state a claim for breach of implied warranty of merchantability, a party must allege that "(1) the [counter-defendant] sold goods that were not merchantable at the time of sale; (2) the [counter-plaintiff] suffered damages as a result of the defective goods; (3) the [counter-plaintiff] gave the [counter-defendant] notice of the defect." *Industrial Hard Chrome., Ltd., v. Hetran, Inc.*, 64 F. Supp. 2d 741, 748 (N.D. Ill. 1999). Illinois law, however, recognizes two exceptions to the notice requirement. *Stella v. LVMH Perfumes & Cosmetics USA, Inc.*, 564 F. Supp. 2d 833, 837 (N.D. Ill. 2008). A party does not need to plead direct notice when "(1) the seller has actual knowledge of the defect of the particular product; or (2) a consumer suffers a personal injury, in which case the notice requirement could be satisfied by filing a lawsuit against the seller." *Id*.

Here, Envision has sufficiently alleged a breach of implied warranty of merchantability claim. In its Amended Counterclaims, Envision alleges that Sunny Handicraft breach its implied covenant of merchantability by shipping poor quality goods that did not meet the specifications

---

[9] In their Motion to Dismiss Envison's Amended Counterclaims, Plaintiffs argue that to establish inducement, a party must allege "active persuasion, encouragement, or inciting." Pls.' Mot. Dismiss. 9 (citing *Slain v. Nagel*, 997 F. Supp. 2d 1002, 1018 (N.D. Ill. 1998). The cases that Plaintiffs rely on pertain to tortious interference with contract claims. The Court has not found case law to support similar requirements under tortious interference for prospective economic advantage.

agreed upon by the parties and that several retailers terminated their relationship with Envision due to the poor quality merchandise. It further alleges that the defects of the goods were obvious and that "Sunny Handicraft knew of the defects or should have known, of the defects when the products left its control." Am. Countercls. ¶ 129. These allegations provide sufficient facts to satisfy the actual notice exception to the general notice requirement. Accordingly, Plaintiffs' motion to dismiss Count VI is denied.

### IV. Conclusions

For the reasons stated herein, the Court grants Walgreens' Rule 12(b)(6) motion to dismiss Count II of Plaintiffs' Amended Complaint for failure to state a claim [dkt. 14]. Walgreens is dismissed as a Defendant to this action. The Court grants in part and denies in part Plaintiffs' Rule 12(b)(6) motion to dismiss [dkt. 38]. The Court grants Plaintiffs' motion to dismiss Counts III and V of Envision's Amended Counterclaims for failure to state a claim. Consequently, Count II of Plaintiffs' Amended Complaint and Counts III and V of Envision's Amended Counterclaims are dismissed without prejudice. The Court denies Plaintiffs' motion to dismiss Counts I, II, IV, and VI of Envision's Amended Counterclaims.

SO ORDERED                      ENTER: 1/16/15

                                           _____
                                           **JOHN Z. LEE**
                                           **United States District Judge**