IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUNNY HANDICRAFT LTD., and BIN TEH HANDICRAFT (SHENZEN) CO., LTD., <br><br> Plaintiff(s), <br><br> v. <br><br> ENVISION THIS!, LLC, and WALGREEN CO., <br><br> Defendants. | Case No. 1:14-cv-1512 <br><br> Judge John Z. Lee |

## MEMORANDUM OPINION AND ORDER

Plaintiff Bin Teh Co., Ltd. ("Bin Teh") manufactures Christmas and other holiday decorations in China. Plaintiff Sunny Handicraft, Ltd. ("Sunny") obtains and processes purchase orders from customers for these holiday decorations and forwards them to Bin Teh. Defendant Envision This! LLC ("Envision") imports these decorations into the United States and distributes them to customers, like Defendant Walgreens, Co. ("Walgreens"). Plaintiffs have filed a six-count second amended complaint against Defendants. In Counts I and II, Plaintiffs allege breach of contract and unjust enrichment against Walgreens. In Counts III through VI, Plaintiffs claim breach of contract, unjust enrichment, and breach of fiduciary duty against Envision. Plaintiffs seek damages in the amount of $3,496,267.66 and additional equitable relief.

For its part, Envision has asserted a number of counterclaims against Plaintiffs related to transactions involving Walgreens as well as other retailers. Counts I and II allege claims for breach of contract and unjust enrichment related to the Walgreens transactions, and Counts IV through VI allege claims for unjust enrichment, tortious interference with economic advantage, and breach of implied warranty of merchantability related to the Walgreens and other retailer transactions.

Walgreens now moves to dismiss Plaintiffs' Counts I and II for failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6). Plaintiffs have moved to dismiss Counts IV through VI of Envision's counterclaims. For the reasons discussed below, the Court denies Walgreens' motion to dismiss. The Court also denies Plaintiffs' request to dismiss Counts IV and VI of Envision's counterclaims, but grants the request to dismiss Count V.

**Background**

**A.     Allegations in Plaintiffs' Second Amended Complaint**

Plaintiff Sunny Handicraft, a Hong Kong corporation, processes purchase orders for Christmas and other holiday decorations. 2d. Am. Compl. ¶ 2. Plaintiff Bin Teh, a Chinese corporation, manufactures Christmas and other holiday decorations for Plaintiff Sunny Handicraft. *Id.* ¶ 3. Defendant Envision, a Florida limited liability company, imports and resells these goods to retailers in the United States, and Defendant Walgreens is an Illinois retail corporation, which sells health

and wellness products and various other goods, including seasonal holiday decorations. *Id*. ¶¶ 4–5.

As alleged in the Second Amended Complaint, beginning in 2006, Envision began operating as Plaintiffs' liaison to retailers in the United States. *Id*. ¶ 8. For its assistance in managing relationships and processing orders, Envision received a commission based on the percentage of the proceeds from each order and also was reimbursed for certain expenses, such as hotel fees, third party translation services, and courier expenses. *Id*. ¶ 9. Starting in 2007, Envision also was paid a "development fee" for assisting with marketing and design concepts. *Id*.

From 2007 through 2012, Plaintiffs shipped seasonal merchandise to Walgreens on at least eleven separate occasions. *Id*. ¶ 11. The parties adhered to a similar process for each of these shipments. *Id*. ¶¶ 17, 42. Walgreens first issued a purchase order to Envision listing the desired goods; the purchase order identifed Envision as the "Vendor." Envison then forwarded the purchase order to Sunny by email. In terms of payment, Walgreens issued a letter of credit for the full price of the goods in the purchase order, listing Sunny as the sole beneficiary. Bin Teh manufactured the requested items, and Sunny shipped the goods to Walgreens. Plaintiffs then utilized the letter of credit from Wlagreens to obtain payment. *Id*. ¶ 42.

During this period, Walgreens also went on several "buying trips" to Plaintiffs' factory and showrooms in China. *Id*. ¶ 13. It also communicated directly

with Plaintiffs about sample development, order processing, shipment tracking, and financing. *Id.*

In January 2013, Walgreens conducted another "buying trip" to Bin Teh's factory and showroom to view items for the 2013 Christmas season. *Id.* ¶ 14. It was accompanied by two representatives from Envision. *Id.*

From April to August 2013, Walgreens placed a number of purchase orders with Envision, which were then forwarded to Sunny. *Id.* ¶ 21. The total amount of the 2013 purchase orders was $3,496,267.66. *Id.* However, rather than issuing letters of credit listing Sunny as the beneficiary, Walgreens issued letters of credit on July 24, August 2, and September 16, 2013, that identified Envision as the beneficiary. *Id.* ¶¶ 28, 29, 35. This was done without any notice to Plaintiffs. *Id.* When Plaintiffs learned of this, they asked Envision to transfer the letters of credit to them on August 8, 2013. This request was denied. *Id.* ¶ 31. They also contacted Walgreens directly on August 20, 2013, and requestd that a letter of credit be issued directly to Sunny. This too was denied. *Id.* ¶ 32. At some point, Envision promised to secure $1.5 million dollars in credit to cover Plaintiffs' costs to manufacture and ship the 2013 goods, but this never transpired. *Id.* ¶ 34.

Although they never received any letters of credit, Plaintiffs manufactured and shipped the goods to Walgreens, and Walgreens accepted the shipment. *Id.* ¶ 36. Neither Envision nor Walgreens has provided Plaintiffs with the $3,496,267.66 that is owed for these items. *Id.* ¶ 40.

In Count I, Plaintiffs allege that the parties' course of dealing created an implied-in-fact contract between Walgreens and Plaintiffs and that this contract was breached by Walgreens. *Id.* ¶ 42. Count II pleads in the alternative that Walgreens was unjustly enriched from the shipment of the 2013 goods. *Id.* ¶ 54. In Count III, Plaintiffs contend that Envision breached its contract with Plaintiffs by failing to remit to Plaintiffs the $3,496,267.66 it received from Walgreens. *Id.* ¶ 65. Count IV also asserts a claim of unjust enrichment against Envision in the alternative. *Id.* ¶ 79. Count V alleges that that Envision breached its fiduciary duty to Plaintiffs by: (a) "pocketing" the payment for the 2013 transaction; (b) refusing to transfer the 2013 letters of credit to Plaintiffs; (c) misrepresenting to Plaintiffs that such letters as non-transferrable; and (d) misleading Plaintiffs that it would secure $1.5 million dollars in credit for the 2013 transaction. *Id.* ¶ 82. Finally, in Count VI, Plaintiffs plead in the alternative that Envision breached its contract to Plaintiffs by agreeing to purchase the 2013 goods for $3,496,267.66, but failing to provide payment. *Id.* ¶¶ 88, 90.

### B. Defendant Envision's Second Amended Counterclaim

Envision's Second Amended Counterclaim against Plaintiffs alleges breach of contract related to the Walgreens transactions (Count I); unjust enrichment in the alternative (Count II), unjust enrichment for transactions involving other retailers (Count IV); tortious interference with Envision's relationship with Walgreens and

5

other retailers (Count V), and breach of implied covenant of merchantability (Count VI) with respect to transactions with other retailers.[1]

## **Legal Standard**

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Additionally, when considering motions to dismiss, the Court accepts "all well-pleaded factual allegations as true and view[s] them in the light most favorable to the plaintiff." *Lavalais v. Vill. of Melrose Park,* 734 F.3d 629, 632 (7th Cir. 2013) (citing *Luevano v. Wal–Mart Stores, Inc.,* 722 F.3d 1014, 1027 (7th Cir. 2013)). At the same time, "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *McReynolds v. Merrill Lynch & Co., Inc.,* 694 F.3d 873, 885 (7th Cir. 2012) (citing *Iqbal,* 556 U.S. at 678). As such, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. These same standards apply when considering a plaintiff's motion to dismiss counterclaims. *See Cozzi Iron & Metal, Inc. v. U.S. Office Equipment, Inc.*, 250 F.3d 570, 574 (7th Cir. 2001).

---

[1] Envision includes its breach of contract claim involving agreements with other retailers (Count III), but acknowledges that it was dismissed by this Court in its January 16, 2015, Order and does not replead this claim. *See Sunny Handicraft Ltd. v. Envision This!, LLC*, No. 14-CV-1512, 2015 WL 231108, at *5 (N.D. Ill. Jan. 16, 2015).

## Analysis

A. **Defendant Walgreens' Motion to Dismiss Plaintiffs' Second Amended Complaint**

   I. **Breach of Contract (Count I)**

In Count I, Plaintiffs allege a breach of contract claim against Walgreens. To state a claim for breach of contract under Illinois law, a plaintiff must allege: "'(1) offer and acceptance, (2) consideration, (3) definite and certain terms, (4) performance by the plaintiff of all required conditions, (5) breach, and (6) damages.'" *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3D 547, 560 (7th Cir. 2012) (quoting *Ass'n of Benefit Servs., Inc., v. Caremark RX, Inc.*, 493 F.3d 841, 849 (7th Cir. 2007) (citation omitted)). Plaintiffs argue that an implied-in-fact contract was established through a course of dealing with Walgreens and Envision from 2007 through 2012. Plaintiffs allege that, in 2013, they performed their duties based on this implied contract, and that Walgreens failed to provide payment. *See* 2d. Am. Compl. ¶¶ 45, 51. In its motion, Walgreens argues that the allegations are insufficient to establish the existence of an enforceable contract.

Under Illinois law, "[c]ontracts implied in fact arise under circumstances which, according to the ordinary course of dealing and the common understanding of men, show a mutual intention to contract." *Dynegy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 517 (7th Cir. 2011) (quoting *Mowatt v. City of Chicago,* 292 Ill. 578, 127 N.E. 176, 177 (1920)); *see also Schivarelli v. Chi. Transit Auth.*, 823 N.E.2d 158, 165–66 (2005) ("In a contract implied in fact, a contractual duty is imposed by reason of a promissory expression inferred from facts, circumstances and

7

expressions by the promisor showing an intent to be bound."). Intent to be bound is "measured objectively, by the parties' words and conduct," rather than subjective intent as to the meaning of the agreement. *Citadel Grp. Ltd. v. Washington Reg'l Med. Ctr.*, 692 F.3d 580, 588 (7th Cir. 2012) (quoting *Block v. Magura,* 949 N.E.2d 1261, 1267 n. 2 (Ill. App. Ct. 2011)); *see also Empro Mfg. Co. v. Ball–Co Mfg., Inc.,* 870 F.2d 423, 425 (7th Cir. 1989) (applying Illinois law).

Here, Plaintiffs point to the manner in which goods were ordered and payments made during the period from 2007 through 2012 as proof of the parties' course of dealing. As described above, Plaintiffs' allegations are that, during this period, Walgreens specified the desired goods by providing purchase orders to Envision and issued letters of credit designating Sunny as the sole beneficiary. *See* 2d. Am. Compl. ¶ 42. Plaintiffs also assert that, in keeping with regular practice, Walgreens went to Plaintiffs' factory and showrooms in January 2013 and discussed sample development, order processing, tracking of shipments, and financing. *Id.* ¶14.

For its part, Walgreens argues that the terms of the purchase orders and letters of credit themselves indicate that whatever contractual relationship it had was solely with Envision and denies that the parties had an intent to be bound as alleged by Plaintiffs. But the question of whether the parties demonstrated an intent to be bound is a highly fact-based inquiry. *See Moriarty v. Glueckert Funeral Home, Ltd.,* 155 F.3d 859, 866–67 (7th Cir. 1998) (listing the factors to be evaluated in determining whether an employer had an unequivocal intent to be bound). And,

8

here, Plaintiffs have pled sufficient facts from which, if taken as true, a reasonable jury could conclude that an implied-in-fact contract was established between Plaintiffs and Walgreens. The precise terms of the various purchase order and letter of credit certainly will be relevant to this inquiry, but they are not dispositive in and of themselves at this preliminary stage. Accordingly, the Court denies Walgreens' motion to dismiss Count I.

## II. Unjust Enrichment (Count II)

In Count II, Plaintiffs allege an unjust enrichment claim against Walgreens for accepting shipped goods but failing to provide payment. Walgreens contends that Count II should be dismissed for improper pleading and for failing to state a claim.

Under Illinois law, a party may make an unjust enrichment claim in the alternative to a breach of contract claim if the party demonstrates that the claim is brought in the alternative and does not refer to an express contract between the parties. *See Prudential Ins. Co. of Am.*, 548 F. Supp. 2d 619, 623 (N.D. Ill. 2008). While Plaintiffs refer to the same facts for both claims, they do not allege that the parties were bound by an express contract in Count II. *See* 2d. Am. Compl. ¶ 52 (realleging only paragraphs 1 through 42). Accordingly, the unjust enrichment claim in Count II is not barred as a threshold matter.

Turning to the substance of the claim, to plead an unjust enrichment, Plaintiffs must allege that Walgreens unjustly retained a benefit to Plaintiffs' detriment and that Walgreens' "retention of the benefit violates the fundamental

9

principles of justice, equity, and good conscience." *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.* 544 N.E.2d 672, 679 (Ill. 1989). Under Illinois law, quasi-contract liability may be imposed upon a benefiting third party where the plaintiff alleges facts that indicate that the plaintiff had a reasonable expectation of payment from the third party. *Lane, Noland, Smith & Co. v. First Nat'l Realty and Dev. Inc.*, No. 91 C 0185, 1991 WL 204948, at *4 (N.D. Ill. Oct. 2, 1991). *See also Midcoast Aviation, Inc. v. Gen. Elec. Credit Corp.*, 907 F.2d 732, 739 (7th Cir. 1990).

Plaintiffs argue that the course of dealing from 2007 to 2012 led to a reasonable expectation that they would be paid from Walgreens in 2013. *See* 2d Am. Compl. ¶ 54. Unsurprisingly, Walgreen disagrees and points out that the three letters of credit issued on July 24, August 2, and September 16, 2013, all listed Envision, rather than Sunny, as the beneficiary. To Walgreens, this makes Plaintiffs' position untenable. *Id.* ¶¶ 28, 29, 35. But Plaintiffs allege that it started manufacturing the goods in question shortly after Walgreens' visit in January 2013, well before the letters of credit were issued. *Id.* ¶¶ 26–27. In so doing, Plaintiffs assert that Walgreens "enticed [Plaintiffs] to undertake the work in the first place and then refused to see [Plaintiffs] paid." *Lane, Noland, Smith & Co.*, 1991 WL 204948, at *5.

Taking all well-pleaded allegations as true and construing all reasonable inferences in Plaintiffs' favor (as the Court must at this stage), the Court concludes that a reasonable jury could find that Plaintiffs had a reasonable expectation of payment based upon the parties' prior course of dealing. Whether Plaintiffs will

eventually prevail must be left to another day; Walgreens' motion to dismiss Count II is denied.

> B. **Plaintiffs' Motion to Dismiss Defendant Envision's Second Amended Counterclaim**
>
>> I. **Unjust Enrichment and Breach of Implied Warranty of Merchantability (Count IV and Count VI)**

In Counts IV and VI of its counterclaims, Envision asserts claims against Plaintiffs for unjust enrichment and a breach of implied warranty of merchantability. Plaintiffs ask the Court to dismiss these Counts on the grounds that Count IV is barred by Illinois' statute of limitations and Count VI fails to sufficiently identify any defects in the goods.

>> **1. Unjust Enrichment (Count IV)**

Statute of limitations is an affirmative defense that is typically unsuitable for consideration at the motion to dismiss stage. *Reiser v. Residential Funding Corp.,* 380 F.3d 1027, 1030 (7th Cir. 2004). Where a party raises the statute of limitations as an affirmative defense at the motion to dismiss stage, a court can only dismiss a claim "when [the] complaint plainly reveals that an action is untimely under the governing statute of limitations." *Andonissamy v. Hewlett–Packard Co.,* 547 F.3d 841, 847 (7th Cir. 2008) (quoting *United States v. Lewis,* 411 F.3d 838, 842 (7th Cir. 2005)) (internal quotation omitted). This is because a plaintiff "need not anticipate and attempt to plead around all potential defenses. Complaints need not contain any information about defenses and may not be dismissed for that omission." *Xechem, Inc. v. Bristol–Myers Squibb Co.,* 372 F.3d

11

899, 901 (7th Cir. 2004). "In other words, the plaintiff must affirmatively plead himself out of court." *Chic. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 614 (7th Cir. 2014) (reviewing statute of limitations dismissal under 17 U.S.C. § 507(b)); *see also Cancer Found., Inc. v. Cerberus Capital Mgmt., LP,* 559 F.3d 671, 674 (7th Cir. 2009) (explaining that dismissal at the pleading stage is unusual but may be appropriate when the party pleads himself out of court where he alleges facts that sufficiently establish the complaint's tardiness).

In Illinois, "to recover damages for an injury done to property, real or personal . . . all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued." 735 ILCS 5/13–205. Here, Envision's allegations reference payments owed for "data management" services worth $100,000.00 per year, dating back to 2006 and continuing through 2013. 2d. Am. Countercl. ¶¶ 81–86. Although the earlier obligations certainly extend back more than five years, the allegations in the counterclaims are insufficient for the Court to conclude that Envision has pleaded itself out of court. Additional factual inquiry may reveal, for example, that Envision's delay may be excused by the doctrine of equitable estoppel. *See Shropshear v. Corp. Counsel of City of Chicago,* 275 F.3d 593, 595 (7th Cir. 2001) ("the doctrine of equitable estoppel comes into play if the defendant takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations.") Accordingly, the Court denies Plaintiffs' motion to dismiss Count IV.

## 2. Implied Warranty of Merchantability (Count VI)

This Court already has denied Plaintiff's first motion to dismiss Envision's counterclaim alleging a breach of implied warranty of merchantability. In its Second Amended Counterclaim, Envision makes the same allegations, namely that Sunny breached its implied warranty of merchantability by shipping poor quality goods that did not meet the specifications agreed upon by the parties and that Sunny was aware or should have been aware of the obvious defects. Plaintiffs' renewed request to dismiss this claim likewise is denied. *See Sunny Handicraft*, No. 14-CV-1512, 2015 WL 231108, at *10.

To the extent that Plaintiffs' motion is in reality a request for reconsideration, the Court reminds Plaintiffs that "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit v. CBI Industries,* 90 F.3d 1264, 1269 (7th Cir. 1996). A manifest error of law or fact under this standard occurs when a district court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990). A party asserting such an error bears a heavy burden, and motions for reconsideration "are not at the disposal of parties who want to 'rehash' old arguments." *Zurich Capital Mkts., Inc. v. Coglianese,* 383 F.Supp.2d 1041, 1045 (N.D. Ill. 2005).

Because Plaintiffs do not advance either grounds for reconsideration, the request is denied, and Plaintiffs' motion to dismiss Count VI is denied.

## II. Tortious Interference with Economic Advantage (Count V)

In Count V, Envision asserts a claim for tortious inference with economic advantage. To state such a claim under Illinois law, a party must allege: "(1) [its] reasonable expectancy of entering into a valid business relationship; (2) [the other party's] knowledge of the expectancy; (3) [the other party's] intentional and unjustifiable interference that induced or caused a breach or termination of the expectancy and (4) damage to the [complaining party] resulting from [other party's] conduct." *F:A J Kikson v. Underwriters Lab., Inc.*, 492 F.3d 794, 800 (7th Cir. 2007).

To establish the third element, a party must allege that the alleged tortfeasor directed wrongful conduct at a third party business prospect to induce the third party to end its relationship with the complainant party. *Young v. Conn. Mut. Life Ins. Co.,* No. 90 C 254, 1990 WL 125496, at *4 (N.D. Ill. Aug. 17, 1990), *aff'd*, 929 F.2d 703 (7th Cir. 1991); *F:A J Kikson*, 492 F.3d at 800-01. Furthermore, the complainant party "must allege . . . facts which demonstrate that the defendants acted with the purpose of injuring the [party's] expectancies." *F:A J Kikson,* 492 F.3d at 800 (quoting *Partner v. Marshall Fields & Co.*, 646 F.2d 271, 298 (7th Cir. 1981)).

In its prior ruling, this Court held that the alleged tortious actions alleged by Envision — Sunny's alteration of Envision's freight forward system password, direct

14

communications with Walgreens to demand payment, and refusal to provide necessary documentation to freight forwarders — failed to satisfy the third element of this test. *See Sunny Handicraft Ltd.*, 2015 WL 231108, at *9. Envision's Second Amended Counterclaim offers no new allegations to overcome this deficiency. It does add that Sunny intentionally shipped goods of poor quality to other retailers such as Home Depot, Martha Stewart, and the Family Dollar Store to ruin Envision's relationship with them, but it is entirely unclear from the bare allegations why Sunny, who also stood to lose future business from these retailers, would cut off its nose to spite its face. *See Twombly*, 550 U.S. at 570 (a claim must be "plausible on its face"). In any event, Envision still fails to sufficiently plead malice with respect to the challenged conduct. Count V is, therefore, dismissed.

## Conclusion

For the following reasons, the Court denies Defendant Walgreens' Motions to Dismiss [64]. The Court grants in part and denies in part Plaintiffs Motion to Dismiss Counterclaims [76]. Plaintiffs' motion to dismiss Count V of Envision's counterclaims is granted; it is denied in all other respects.

**SO ORDERED**  ENTER: 9/16/15

_____
**JOHN Z. LEE**
**United States District Judge**