# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SUNNY HANDICRAFT (H.K.) LTD., AND BIN TEH HANDICRAFT (SHENZEN) CO., LTD., <br><br> Plaintiff(s), <br><br> v. <br><br> ENVISION THIS!, LLC, AND WALGREEN CO., <br><br> Defendants. | 14-cv-1512 <br><br> Hon. John Z. Lee |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Sunny Handicraft, Ltd., and Bin Teh Co., Ltd., (collectively "Sunny") are Chinese companies that manufacture holiday decorations. Defendant Envision This!, LLC, ("Envision") imports and distributes those decorations to retailers such as Defendant Walgreen, Co. ("Walgreens"). The Court presumes familiarity with earlier opinions in this case, which detail the breakdown of the companies' relationships. *See Sunny Handicraft (H.K.) Ltd. v. Envision This!, LLC*, No. 14 CV 1512, 2017 WL 1105400 (N.D. Ill. Mar. 24, 2017); *Sunny Handicraft Ltd. v. Envision This!, LLC*, No. 14 CV 1512, 2015 WL 5462054 (N.D. Ill. Sept. 16, 2015); *Sunny Handicraft Ltd. v. Envision This!, LLC*, No. 14 CV 1512, 2015 WL 231108 (N.D. Ill. Jan. 16, 2015).

In anticipation of trial, the parties dispute whether Sunny's breach of fiduciary claim against Envision (Count VII) and unjust enrichment claims against Envision (Count IV) and Walgreens (Count II) should be tried before a jury or resolved by the Court. For the following reasons, the Court concludes that all three claims sound in equity and must be resolved by the Court.

## Legal Standard

The right to trial by jury is determined by federal procedural law. *Int'l Fin. Servs. Corp. v. Chromas Techs. Can., Inc.,* 356 F.3d 731, 735 (7th Cir. 2004). Fed. R. Civ. P. 38(a) dictates that there is a right to a jury trial where either the Seventh Amendment or a federal statute so requires. *Id.* Defendants have not pointed to any statutes supporting a right to trial by jury here. As a result, the Court must determine whether the claims at issue are legal or equitable. If a claim is legal in nature, it qualifies as a "Suit at common law" to which "the right of trial shall be preserved" under the Seventh Amendment. *Lebow v. Am. Trans Air, Inc.*, 86 F.3d 661, 668 (7th Cir. 1996). On the other hand, if a claim is equitable in nature, its resolution is for the Court.

This analysis proceeds in two parts. First, the Court must "compare the action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity." *Id.* (internal quotation marks and ellipsis omitted) (citing *Chauffeurs, Teamsters & Helpers*, *Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990)). The second step requires the Court to "examine the remedy sought and determine[s] whether it is legal or equitable in nature." *Id.* The second step is the more important of the two. *Chauffeurs*, 494 U.S. at 565.

## Analysis

**I.  Plaintiffs' Breach of Fiduciary Duty Claim**

In its breach of fiduciary duty claim, Sunny contends that Envision served as Sunny's agent and owed Sunny fiduciary duties of loyalty and good faith and that Envision breached these duties by, *inter alia*, failing to forward to Sunny payments made by Walgreens for certain goods produced and delivered to Walgreens by Sunny. 3d Am. Compl. ¶¶ 110–14. Envision asserts that the claim is entitled to trial by jury, Defs.' Supp. Mem. at 3–4, ECF No. 243; Sunny

argues that it is equitable and should be resolved by the Court, Pls.' Resp. to Court Order at 3–4, ECF No. 244.

"Historically courts have considered a claim for breach of fiduciary duty to be a matter for courts of equity." *George v. Kraft Foods Glob., Inc*., No. 07 C 1713, 2008 WL 780629, at *3 (N.D. Ill. Mar. 20, 2008); *see also Client Funding Sols. Corp. v. Crim*, , 856 (N.D. Ill. 2013) ("There is no dispute that actions for breach of fiduciary duty historically were considered equitable."); *Ed Peters Jewelry Co., Inc. v. C & J Jewelry Co., Inc*., 215 F.3d 182, 186 (1st Cir. 2000) ("Actions for breach of fiduciary duty, historically speaking, are almost uniformly actions 'in equity'—carrying with them no right to trial by jury." (internal quotation marks and citations omitted)).

That said, Defendants argue that, because Sunny seeks money damages, the remedy is purely legal in nature. Defs.' Supp. Mem. at 3–4. But the mere fact that Sunny is seeking money damages is not dispositive, for even claims seeking money damages are "equitable where they are restitutionary, such as in action[s] for disgorgement of improper profits." *Chauffeurs*, 494 U.S. at 570. "[T]he fact that disgorgement involves a claim for money does not detract from its equitable nature: in such an action, 'the court is not awarding damages to which plaintiff is legally entitled but is exercising the chancellor's discretion to prevent unjust enrichment.'" *S.E.C. v. Rind*, 991 F.2d 1486, 1493 (9th Cir. 1993) (quoting *S.E.C. v. Commonwealth Chem. Sec., Inc.,* 574 F.2d 90, 95 (2d Cir. 1978)).

Sunny's breach of fiduciary duty claim against Envision seeks disgorgement of funds Envision received from Walgreens, which Sunny contends Envision unjustly retained. Such a remedy is equitable. *See Chauffeurs*, 494 U.S. at 570. But there is yet another wrinkle.

Here, Sunny also seeks punitive damages, 3d Am. Compl. ¶ 114, and this complicates matters, as "[p]unitive damages have traditionally been viewed as a legal remedy that must be imposed by a jury." *Lebow v. Am. Trans Air, Inc.,* 86 F.3d 661, 669 (7th Cir. 1996).

In *Client Funding Sols. Corp. v. Crim*, a court in this district encountered precisely this situation—a breach of fiduciary duty claim sounding in equity, together with an equitable request for relief, a legal request for compensatory damages, and a legal request for punitive damages. *Crim*, 943 F. Supp. 2d at 857–58. Noting that the dual nature of the relief "presents a challenging question," the court concluded after thoughtful analysis that, because the first prong of the test indicated the claim was equitable and the remedies sought were both legal and equitable, the claim overall was more equitable than legal in nature.

The Court finds the reasoning in *Crim* persuasive. Here, we start with the general premise that breach of fiduciary claims arise in equity. As for relief, Sunny asks for one form of equitable relief—disgorgement—and one form of legal relief—punitive damages. On balance, therefore, the Court concludes that Sunny's breach of fiduciary duty claim is more equitable than legal and must be resolved by the Court.

## II. Plaintiffs' Unjust Enrichment Claims

Sunny also brings two claims for breach of contract in the Third Amended Complaint. The first is asserted against Envision, based upon Envision's failure to forward payment from Walgreens for goods that Sunny manufactured and shipped in 2013. 3d Am. Compl. ¶¶ 63–68. ECF No. 124. The second is against Walgreens for its purported failure to pay Plaintiffs for the same goods. *Id.* ¶¶ 42–51. In the alternative, Sunny brings an unjust enrichment claim against Envision for its retention of the money that Envision received for the goods manufactured and shipped by Plaintiffs to Walgreens, *id.* ¶¶ 70–79, and one against Walgreens, for its retention of

4

the goods, *id.* ¶¶ 52–59. Here again Defendants contend that the unjust enrichment claims are entitled to trial by jury, Defs.' Supp. Mem. at 2–3; Sunny asserts that the claims are equitable and must be decided by the Court, Pls.' Resp. to Court Order at 1–3.

There is little dispute that unjust enrichment is an equitable remedy, although most courts do not speak of it in relation to 18th-century actions. *See* Emily Sherwin, *Restitution and Equity: An Analysis of the Principle of Unjust Enrichment*, 79 Tex. L. Rev. 2083, 2087 (2001) (collecting cases and noting that "courts and scholars often simply assume that unjust enrichment is in some sense an 'equitable' principle"). *See also Guinn v. Hoskins Chevrolet*, 836 N.E.2d 681, 704 (Ill. App. 2005) ("The theory of unjust enrichment is an equitable remedy based upon a contract implied in law."); *TRW Title Ins. Co. v. Sec. Union Title Ins. Co.*, 153 F.3d 822, 829 (7th Cir. 1998) ("Unjust enrichment is an equitable claim.")*; Reid v. Unilever U.S., Inc.*, 964 F. Supp. 2d 893, 922 (N.D. Ill. 2013) ("In Illinois, unjust enrichment is an equitable remedy that is available when no adequate remedy at law exists.")

Sunny's unjust enrichment claim against Envision seeks disgorgement of funds Sunny contends Envision unjustly retained. 3d Am. Compl. ¶¶ 52–59. This is a quintessential equitable remedy and, thus, the Court must resolve the unjust enrichment claim against Envision.

On the other hand, Sunny's unjust enrichment claim against Walgreens seeks payment for merchandise that Walgreens retained and for which Sunny was never compensated. But Sunny's assertion that Walgreens paid Envision "for some, but not all, of the $3,496,267.66 that Plaintiffs were owed for the 2013 Transaction," 3d Am. Compl. ¶ 64, confuses matters. To the extent that Sunny seeks disgorgement from Walgreens of funds that Walgreens never transferred to Envision, the unjust enrichment claim is equitable. But if Sunny seeks payment from Walgreens of funds that Walgreens paid to Envision for the 2013 merchandise, that portion of

5

the relief may be compensatory—and therefore legal—in nature. *See Crim*, 943 F. Supp. at 857 (finding that a request for funds from a party that had not retained the funds was legal in nature). Be that as it may, after considering the two-step analysis noted above, the Court concludes that on balance, the claim against Walgreens sounds in equity and must be resolved by the Court. *See id.* at 858 (determining that a claim that historically sounds in equity, seeking both equitable and legal relief, ultimately must be resolved by the court).

## Conclusion

For the above reasons, the Court finds Counts II (unjust enrichment against Walgreens), IV (unjust enrichment against Envision), and VI (breach of fiduciary duty against Envision) in Sunny's Third Amended Complaint are equitable and must be resolved by the Court.

**IT IS SO ORDERED.**        **ENTERED   2/6/18**

_____
**John Z. Lee**
**United States District Judge**