IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SUNNY HANDICRAFT (H.K.) LTD. and BIN TEH HANDICRAFT (SHENZHEN) CO. LTD., | ) ) ) ) | |
| Plaintiffs/Counter-Defendants, | ) ) | 14 C 1512 |
| v. | ) ) | Judge John Z. Lee |
| ENVISION THIS!, LLC, | ) ) ) | |
| Defendant/Counter-Plaintiff, | ) ) | |
| and | ) ) | |
| WALGREEN CO. and BETH ANN EDWARDS, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Five years ago, Plaintiffs Sunny Handicraft (H.K.) Ltd. ("Sunny") and Bin Teh Handicraft (Shenzhen) Co. Ltd. ("Bin Teh") sued Defendants Walgreen Co. ("Walgreens"), Envision This!, LLC ("Envision"), and Beth Ann Edwards, one of Envision's principals. Having prevailed on their breach of contract and fraud claims against Envision, as well as their defamation claim against Edwards, Plaintiffs urge the Court to award prejudgment interest on those claims. For the reasons that follow, the Court grants post-verdict interest on all three claims and assigns additional interest on the breach of contract claim, but declines to grant any further prejudgment interest.

## I. Background

This case, filed in March 2014, has a lengthy procedural history, featuring three rounds of motions to dismiss, a set of cross-motions for summary judgment, a trial, and a post-trial order resolving the Plaintiffs' equitable claims. Although the Court presumes familiarity with its prior rulings, a short summary is helpful here.[1]

Sunny and Bin Teh manufactured and shipped about $3.4 million worth of holiday merchandise to Walgreens for its 2013 Christmas retail season. In exchange, Walgreens issued letters of credit to pay for the items. In prior transactions, it was Walgreens's practice to make the letters of credit out to Sunny.

For its part, Envision facilitated the transaction between Sunny and Bin Teh, on the one hand, and Walgreens, on the other. Envision's role included transmitting order forms and payment information between Sunny and Bin Teh and Walgreens.

As part of the 2013 transaction, on the forms it sent to Walgreens confirming the 2013 transaction, Envision listed itself—instead of Sunny—as the intended beneficiary of Walgreens's letters of credit. As a result, Envision received letters of credit from Walgreens worth approximately $3.8 million. Envision then drew on approximately $3.06 million from the letters of credit, but did not provide any of the funds to Plaintiffs. In fact, Plaintiffs never received any payment for the merchandise that it provided to Walgreens and filed this lawsuit.

---

[1] For a fuller account, the Court refers the reader to *Sunny Handicraft (H.K.) Ltd. v. Envision This!, LLC*, Case No. 14-cv-1512, 2019 WL 4735459 (N.D. Ill. Sept. 27, 2019) ("9/27/19 Order"), and *Sunny Handicraft (H.K.) Ltd. v. Envision This!, LLC*, Case No. 14-cv-1512, 2017 WL 1105400 (N.D. Ill. Mar. 24, 2019).

At trial, the jury found in Plaintiffs' favor on their claims for breach of contract, fraud, and defamation against Envision, as well as their defamation claim against Edwards. *See* 2/28/19 Order, ECF No. 261. Following the trial, the Court resolved Plaintiffs' equitable claims. In doing so, the Court granted their unjust enrichment claim against Walgreens, but rejected their breach of fiduciary duty claim against Envision. *See* 9/27/19 Order, ECF No. 313. At this point, all that remains is for the Court to resolve the Plaintiffs' motion for prejudgment interest.

## II. <u>Analysis</u>

Plaintiffs seek prejudgment interest as to their breach of contract, fraud, and defamation claims. Pl.'s Mot. for Prejudgment Interest ("Pl.'s Mot.") at 34, ECF No. 315. Because those claims arise under Illinois law, the same governs whether prejudgment interest is appropriate. *See Matter of Oil Spill by Amoco Cadiz Off Coast of France on Mar. 16, 1978*, 954 F.2d 1279, 1333 (7th Cir. 1992) ("In diversity cases governed by *Erie*, federal courts look to state law to determine the availability of . . . prejudgment interest.").

### A. Breach of Contract Claim

Under the Illinois Interest Act, "[c]reditors shall be allowed to receive at the rate of five (5) per centum per annum . . . on money withheld by an unreasonable and vexatious delay of payment." 815 Ill. Comp. Stat. Ann. 205/2. As applicable here, the defense of a lawsuit does not amount to "unreasonable and vexatious" conduct, so long as there is "an honest dispute regarding the existence of a legal obligation." *Arthur Pierson & Co. v. Provimi Veal Corp.*, 887 F.2d 837, 840 (7th Cir. 1989). In such instances, the party seeking interest "must show that his opponent

3

has thrown obstacles in the way of collection." *Pietka v. Chelco Corp.,* 437 N.E.2d 872, 883 (Ill. App. Ct. 1982) (citations omitted). For example, the claimant must identify "conduct tantamount to fraud, hindrances to payment collection, or other bad faith inducement." *U.S. for Use & Benefit of Treat Bros. Co. v. Fid. & Deposit Co. of Maryland*, 986 F.2d 1110, 1121–22 (7th Cir. 1993) (citations omitted).

Here, the jury found that Envision breached its contract with the Plaintiffs by drawing on letters of credit issued by Walgreens. 9/27/19 Order at *2. That happened in 2014. In the Plaintiff's view, the more than five years that have elapsed since then amounts to an "unreasonable and vexatious" delay within the meaning of the Interest Act. Pl.'s Mot. at 34. But Envision spent most of that period defending the Plaintiffs' breach of contract claim before this Court. Defs.' Resp. to the Mot. for Prejudgment Interest ("Defs.' Resp.") at 3, ECF No. 318. Nothing in the record suggests that Envision prolonged this litigation in bad faith. To the contrary, the Court identified genuine disputes of material fact that precluded summary judgment on Plaintiffs' breach of contract claim. 3/24/19 Order at 11–13. Accordingly, the Court finds that Envision's multi-year defense of that claim does not constitute unreasonable and vexatious conduct.

That said, the Court finds that Envision's pre-suit conduct meets the Interest Act's "unreasonable and vexatious" standard. Before Plaintiffs initiated this litigation, Envision engaged in numerous acts designed to prevent them from realizing that the letters of credit had been issued to the wrong entity. Among other things, Envision "told [Sunny] that the letters of credit . . . . had not been

4

issued" when, in fact, it knew that the opposite was true; falsely represented to Plaintiffs "that Walgreens does not reissue letters of credit;" and "intentionally misled Plaintiffs to believe that the letters of credit were merely delayed instead of issued to the wrong party." 9/27/19 Order at *7. As such, while most of the delay in the Plaintiff's recovery stems from litigation that Envision carried on in good faith, part of the delay is attributable to its fraudulent pre-suit conduct.

Attempting to avoid this conclusion, Defendants argue that the delayed payment with respect to Plaintiffs' breach of contract claim had "nothing to do with . . . any findings by the jury on the fraud claim." Defs.' Resp. at 3. This is incorrect. Envision breached their contract with the Plaintiffs and then engaged in fraud to hide that fact. Had Envision admitted at the time that Walgreens issued letters of credit to it rather than Sunny, Plaintiffs could have brought their breach of contract action that much sooner. None of the cases that Defendants cite involved pre-suit fraudulent conduct and are distinguishable. *See, e.g.*, *Liu v. Price Waterhouse LLP*, 302 F.3d 749, 757 (7th Cir. 2002) (no mention of fraud*); Gen. Dynamics Corp. v. Zion State Bank & Tr. Co.*, 427 N.E.2d 131, 134 (Ill. 1981) (same); *Ouwenga v. Nu-Way Ag, Inc.*, 604 N.E.2d 1085, 1092 (Ill. App. Ct. 1992) (same); *Oldenburg v. Hagemann*, 565 N.E.2d 1021, 1029 (Ill. App. Ct. 1991) (same). Because Envision's fraudulent conduct delayed the Plaintiffs' recovery for breach of contract to a degree, the Court finds that some amount of prejudgment interest is warranted.

At trial, the jury granted the Plaintiffs $3,069,631.37 in compensation for Envision's breach of contract. That figure reflects the total amount Envision drew

5

from the letters of credit. Consistent with the jury verdict, the Court awards prejudgment interest from the dates that Envision drew upon the letters of credit for its own use—on January 13, February 21, and February 25, 2014, respectively—until March 3, 2014, when the Plaintiffs submitted their initial complaint. That represents the delay attributable to Envision's bad faith conduct. Table 1, below, calculates the prejudgment interest due on the Plaintiffs' breach of contract claim.[2]

**Table 1: Prejudgment Interest for the Breach of Contract Claim**

| *Letter of Credit* | *Amount Drawn Down* | *Day Drawn Down* | *Days Elapsed Until Suit* | *Interest Due* |
|---|---|---|---|---|
| *First Draw* | $267,184.34 | January 13, 2014 | 49 days | $1,818.34 |
| *Second Draw* | $2,553,243.11 | February 21, 2014 | 10 day | $3,546.17 |
| *Third Draw* | $249,203.92 | February 25, 2014 | 6 days | $207.67 |
| *Total* | $3,069,631.37 | N/A | N/A | **$5,572.18** |

**B.     Prejudgment Interest on the Fraud Claim**

Next, Plaintiffs urge the Court to award prejudgment interest as to Count V, the fraud claim against Envision. Although the Interest Act does not provide for prejudgment interest for fraud, Plaintiffs invite the Court to use its equitable powers to achieve the same result under Illinois law.

Defendants' primary response is that "Illinois does not provide for prejudgment interest on tort and fraud claims." Def.'s Resp. at 5. That is correct as to most tort claims, but not as to fraud. It is true that in *Needham v. White*

---

[2]     This computation follows 815 Ill. Comp. Stat. Ann. 205/10, which explains how to calculate interest rates for periods shorter than a year.

6

*Laboratories, Inc.*, the Seventh Circuit declined to permit recovery of prejudgment interest on a tort claim. 847 F.2d 355, 361–62 (7th Cir. 1988). A year later, however, the same court upheld an award of prejudgment interest for a fraud claim. *Lovejoy Elecs., Inc. v. O'Berto*, 873 F.2d 1001, 1006–07 (7th Cir. 1989).

In doing so, the Seventh Circuit concluded that, under Illinois law, "the tradition of awarding prejudgment interest predates the statute and has been held to have survived its enactment," at least in "cases of fraud." *Lovejoy*, 873 F.2d at 1007; *see Leister v. Dovetail, Inc.*, No. 05 C 2115, 2009 WL 3460628, at *5 (C.D. Ill. Oct. 22, 2009) (awarding prejudgment interest on a fraud claim); *Zivitz v. Greenberg*, No. 98 C 5350, 2000 WL 204238, at *5 (N.D. Ill. Feb. 16, 2000) ("Prejudgment interest may . . . be recovered when warranted by equitable considerations."); *Chemetall GmbH v. ZR Energy, Inc.*, No. 99 C 4334, 2001 WL 1104604, at *16 (N.D. Ill. Sept. 18, 2001) ("[T]rade secret misappropriation here is tantamount to fraud, which plainly falls within the equitable authority to recompense through prejudgment interest."). *But see Euroholdings Capital & Inv. Corp. v. Harris Tr. & Sav. Bank*, 602 F. Supp. 2d 928, 941 (N.D. Ill. 2009) (misreading *Lovejoy* to hold that "Illinois law does not provide for prejudgment interest on tort or fraud claims."). It follows that the Plaintiffs' fraud claim is eligible for prejudgment interest under Illinois law, and this determination lies within the equitable discretion of the Court. *See, e.g.*, *Chemetall*, 2001 WL 1104606, at *6 (courts have "equitable authority" to award prejudgment interest for fraud and related claims).

7

As a general matter, prejudgment interest hinges on "whether an award . . . would serve some useful deterrent purpose" and "whether the amount of damages is liquid or easily ascertainable." *Marcus & Millichap Real Estate Inv. Servs. Inc. v. Sekulovski*, No. 07 C 5369, 2010 WL 145785, at *5 (N.D. Ill. Jan. 12, 2010).[3] Applied here, both factors counsel against assigning equitable prejudgment interest. First, given that the jury awarded $903,890 in punitive damages for Envision's fraud, the Court finds that additional deterrence is unnecessary. 9/27/19 Order at 3. Second, the damages attributable to Envision's fraud were not easy to calculate. *See Needham*, 847 F.2d at 361 (observing that, in most tort suits "the amount of the defendant's liability cannot be computed with . . . precision.") Indeed, even Plaintiffs' counsel did not ask for a particular amount at trial. Defs.' Resp. at 7. For these reasons, the Court exercises its equitable authority and declines to award prejudgment interest as to Plaintiffs' fraud claim.

### III. Post-Verdict Interest on the Breach of Contract, Fraud, and Defamation Claims

Under Illinois law, "[w]hen judgment is entered upon any award, report or verdict, interest shall be computed at [9% per year] from the time when made or rendered to the time of entering judgment upon the same." 735 Ill. Comp. Stat. Ann. 5/2-1303; *see Hyland v. Liberty Mut. Fire Ins. Co.*, 885 F.3d 482, 487 (7th Cir. 2018). Defendants do not dispute the applicability of this provision. So the Court

---

[3] In some circumstances, courts consider whether the defendant engaged in bad faith conduct. *See, e.g.*, *Marcus,* 2010 WL 145785, at *4. But, because fraud almost always involves bad faith conduct, the Court does not find that factor to be particularly helpful here.

8

awards post-verdict, pre-judgment interest for the Plaintiffs' breach of contract and fraud claims against Envision, as well as their defamation claim against Edwards. Table 2, below, computes the appropriate post-verdict interest as to each claim.

Table 2: Post-Verdict Interest[4]

| Claim | Jury Award | Daily Interest | Time Elapsed | Interest Due |
|---|---|---|---|---|
| Breach of Contract | $3,069,631.37 | $767.41 | 771 | $591,673.11 |
| Fraud | $1,303,890.00 | $325.97 | 771 | $251,322.87 |
| Defamation | $10,000 | $2.50 | 771 | $1,927.50 |

## Conclusion

Plaintiffs' motion for prejudgment interest is granted in part and denied in part. As to the breach of contract claim, Plaintiffs may recover interest at a 5% annual rate from the dates that the Defendants drew upon the letters of credit until March 3, 2014, when this suit was filed. Furthermore, Plaintiffs may collect post-verdict interest at a 9% annual rate as to their breach of contract, fraud, and defamation claims. The Court declines to award any additional prejudgment interest.

**IT IS SO ORDERED.**  ENTERED: 4/9/20

_/s/ John Z. Lee_

**JOHN Z. LEE**
**United States District Judge**

---

[4] The jury arrived at a verdict on February 28, 2018 and judgment was entered 771 days later on April 9, 2020.